**Timothy HOWLAND et al., Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.**

**No. 20408.**

United States Court of Appeals, Sixth Circuit.

Feb. 24, 1971.

---

Stanley Goodman, Cincinnati, Ohio, for plaintiff-appellant; Sol Goodman, Goodman & Goodman, Alvin H. Rowe, Cincinnati, Ohio, on brief.

David W. Goldman, Cincinnati, Ohio, for defendant-appellee; Robert P. Goldman, Paxton & Seasongood, Cincinnati, Ohio, on brief.

Before TOM C. CLARK, Associate Justice,* and EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court, Southern District of Ohio, of a judgment dismissing on the merits an action based in negligence. The case was tried before a jury which found the Appellant, a minor, was not entitled to damages from the Appellee, Sears, Roebuck and Company.

Except as otherwise noted, the underlying facts are not in dispute. On December 13, 1967, at about 2:45 p.m., Mrs. Barbara Howland picked up two of her children—the Appellant (hereinafter sometimes referred to as "Timothy") who was eight years old and in second grade in school, and Thomas, who was nine years old and in third grade in school. They walked to a nearby Sears, Roebuck and Company retail store. At the store, they met a third son Robert, who was thirteen years old at the time, and proceeded to the basement level to look for a tool box for Timothy who was to be nine years old in less than two weeks.

Thomas went upstairs to look at the bicycles. Across the aisle from the bicycle rack were storage drawers built into a base table. The bottom drawer which was located just above the floor was used to store small arms ammunition. Thomas testified that he noticed an open drawer in the base table and he took out a box of bullets which had written upon it ".22 long, keep out of reach of children." [1] Thomas put the box of bul-

---

* Associate Justice, Supreme Court of the United States, sitting by designation.

1. Sears, Roebuck put three witnesses on the stand who testified that the small arms ammunitions drawer was always kept closed except when making a sale, refilling the drawer or taking inventory of its content. Further, a long-time Sears employee and manager of the Sporting Goods Department testified that she had never seen a customer open the small arms ammunitions drawer and could not recall ever having seen it left open, including the day in question. Also, she testified that at that time the drawer was

lets in his pocket. He testified he did not attempt to pay for the box of bullets he had taken from the store and did not tell his mother that he had taken the bullets. However, he did show the bullets to Timothy, his younger brother.

At about 3:30 p.m. that same afternoon, while changing from his school clothes Thomas dropped the box of bullets on the floor of his home. He and his brother Timothy picked up the bullets. Thomas returned the ones he picked up to the original box and Timothy put several bullets in his pockets. Thereafter, Thomas and Timothy went outside to play in the yard, informing their mother who was in the kitchen of the house that they were going to explode some "caps." Outside, Thomas immediately took the bullets out of their box, disposed of the original box by throwing it into the bushes, and put the bullets in a Santa Claus box. Timothy played with the .22 caliber bullets: hitting them with a hammer into some wood, hitting them against cement steps with a pliers and trying to cut one with a knife. Thomas cautioned Timothy to be careful. At one point in the afternoon, Thomas exploded a bullet and mud splashed up into his eyes. Although Thomas was in the backyard, he went around the house and through the front door to go to the bathroom. Thomas testified the reason he did not go through the kitchen was because his mother was there. Further, he did not tell his mother that mud had splashed in his eyes from exploding a bullet. Thomas did tell Timothy, however, what had happened.

At about 4:45 p.m., Mr. Howland, the father, came home and Thomas and Timothy went in for dinner. Mr. Howland testified that he had told both Thomas and Timothy not to play with bullets because they were dangerous. Timothy testified his father had told him on an occasion previous to the day in

question that he could be blinded playing with bullets. Mr. Howland was unaware his children were playing with bullets and did not specifically warn them on the evening of the injury. At about 6:00, Thomas and Timothy went outside to play for just a few minutes. Timothy immediately began exploding bullets. The second bullet which Timothy exploded sent a piece of metal into his left eye. He was rushed to a hospital. But after initial surgery, it was determined necessary to remove his left eye. Timothy now has a permanent artificial eye. He has been able to proceed normally with school and although he had had to repeat the second grade prior to his eye injury, he has advanced with his class each year since he was injured.

At trial, the District Court gave standard charges as to the issues of Burden of Proof, Negligence and Ordinary Care, Proximate Cause, Contributory Negligence and Assumption of the Risk. On appeal, the primary question is whether the District Court properly charged the jury on the jury questions of negligence, contributory negligence, assumption of the risk and proximate cause.

We turn first to the question of contributory negligence. At trial, the Court charged the jury with respect to contributory negligence as follows:

"Contributory Negligence: Contributory negligence is an act or omission on the part of the injured party, in this case Timothy Howland, amounting to a want of ordinary care which concurs or combines with the negligent act of the defendant as a proximate cause of the injury.

"If one's own negligence proximately contributes to his own injury, he cannot recover.

"Contributory negligence is an affirmative defense, therefore, the burden of proving contributory negli-

---

never kept locked during store hours. Finally, she testified that it was "guarded" in the sense that on the day in ques-

tion there were three employees of Sears working in the Sporting Goods Department area.

gence rests upon the defendant in this case, the party opposing recovery.

"An issue in this case is whether the Plaintiff, Timothy Howland, who was eight years old at the time in question committed an act of negligence which proximately contributed to his own injury.

"The conduct of a child is not measured by the same rules that apply to adults. The measure of care required of a boy is that degree of care which a boy of ordinary care and prudence and of the same age, capacity, education and experience is accustomed to exercise for his own safety under the same or similar circumstances. First, decide what the boy did or did not do; what his capacity, education, and experience was; what the conditions and circumstances were; then, apply this rule and determine whether the plaintiff boy exercised the degree of ordinary care required of him."

The Appellant contends that the above-quoted instruction is improper under the circumstances of this case. First, he contends that as a matter of law the Court should have charged the jury that the Appellant—an eight year old child who has the educational level of a seven year old child—was incapable of committing contributory negligence or of comprehending and assuming the risks associated with the activity of playing with live ammunition. And in the alternative, Appellant contends that the Court should have charged the jury that a child of the Appellant's age and education is presumed, subject to the rebuttal of the Appellee, not to possess the requisite capacity for self care and judgment to be contributorily negligent.

■ As a general rule, the defense of contributory negligence of the complaining party may be raised even when the complaining party is a minor. This is so because, except where a child is incapable of understanding and appreciating the perils threatening him, a minor is required to exercise ordinary care for his own safety and protection. In that minors, however, have less capacity for self care and judgment than an adult, children are generally accorded a special status in applying the rules of contributory negligence. 39 Ohio Jurisprudence 2nd, Negligence § 102; Annot. 77 ALR 2d 917.

■ ■ Federal jurisdiction is premised on diversity of the parties. Hence the issue of Appellant's contributory negligence is controlled by Ohio law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Lones v. Detroit, Toledo & Ironton R. Co., 398 F.2d 914, 918 (6th Cir. 1968). The State of Ohio has had great difficulty in fashioning a judicial standard to make the delicate judgment of when a minor has the capacity for self care in the conduct of his activities. At very early ages, of course, this determination is not difficult. Just as a child of very tender years may not be held criminally responsible at the common law, see Lake Erie & W. Railroad Co. v. Mackey, 53 Ohio St. 370, 383, 41 N.E. 980 (1895), he also does not have the capacity to form sufficiently intelligent judgments from his observations so that one may equitably hold him responsible for the protection of his own safekeeping. In Holbrock v. Hamilton Distributing, Inc., 11 Ohio St. 2d 185, 228 N.E.2d 628 (1967), the Supreme Court of Ohio held "as a matter of law that a child under seven years of age is incapable of contributory negligence, [and that] the submission of that issue to the jury constituted error." 11 Ohio St.2d at 189, 228 N.E.2d at 630. In creating a conclusive presumption of "general incapacity * * * [where a child is] under seven years of age," the Ohio Supreme Court provided in their own words, "a clear and simple rule which we believe will reach just and accurate results while also achieving a desirable judicial economy." 11 Ohio St. 2d at 189, 228 N.E.2d at 630.

In the instant case we are concerned with the capacity and judgment of a child who was two weeks less than nine years old, but who had repeated a year of school. There is no indication in the

record, however, that the child was mentally retarded or unusually dull. Indeed, he seems to have proceeded normally with his studies and grade school class in the several years following his injury. Therefore, we do not think the Ohio Supreme Court would extend the *Holbrock* rule to bar, as a matter of law, the possibility that a child of Timothy's age, education and experience may be contributorily negligent.

Although it is settled Ohio law that a child whose general capacity is seven years of age or older can be contributorily negligent, *see* Smith v. Flesher, 12 Ohio St.2d 107, 233 N.E.2d 137 (1967), the law in the State of Ohio appears to be in conflict as to whether a minor between seven and fourteen years of age is permitted a rebuttable presumption that he is incapable of committing negligent or contributorily negligent conduct. *Compare* Gottesman, Admr. v. City of Cleveland, 142 Ohio St. 410, 52 N.E.2d 644 (1944), and Lake Erie & W. Railroad Co. v. Mackey, 53 Ohio St. 370, 41 N.E. 980 (1895), *with* Smith v. Flesher, 12 Ohio St.2d 107, 233 N.E.2d 137 (1967), and Rolling-Mill Co. v. Corrigan, 46 Ohio St. 283, 20 N.E. 466 (1889).

In Rolling-Mill Co. v. Corrigan, *supra,* the Supreme Court of Ohio held lawful a court's charge which stated that a minor under the age of fourteen may be held to that standard of ordinary self care as "boys of that age, of ordinary care and prudence, would use under like circumstances * * * tak[ing] into consideration the age of the plaintiff, and the judgment and knowledge he possessed." 46 Ohio St. at 288, 20 N.E. at 468.

In Lake Erie & W. Railroad Co. v. Mackey, *supra,* (a case which involved the alleged negligence and contributory negligence of a nine year old child) the rule in *Rolling-Mill* was modified for infants between seven and fourteen years of age. The *Mackey* court approved of

*Rolling-Mill* in so far as it held that a child is presumed to possess only such discretion as is common to children, and is, therefore, held only to the exercise of such care as is reasonably expected from children of his own age and capacity. But the *Mackey* court observed that by analogy to the principles of capacity in criminal law, there is a rebuttable legal presumption that a child of nine years of age is incapable of being contributorily negligent. This presumption may be rebutted by a factual showing that the child is of sufficient maturity and capacity to avoid danger and make intelligent judgments with regard to the particular activities in which he had engaged. Lake Erie & W. Railroad Co. v. Mackey, 53 Ohio St. at 383–384, 41 N.E. 980.

In Gottesman, Admr. v. City of Cleveland, *supra,* the Supreme Court of Ohio extended the rebuttable presumption rule of *Mackey* to a child of four years of age when it held in paragraph two of the syllabus[2] of *Gottesman:*

> "A child between the ages of 4 and 5 years, in the absence of evidence that he has discretion and understanding to appreciate a danger which confronts him, is not chargeable with negligence."

This extension of the *Mackey* rule was short-lived.

In Holbrock v. Hamilton Distributing, *supra,* the Supreme Court of Ohio held that a child "under seven years of age" was conclusively, rather than rebuttably, presumed to be incapable of forming the judgments necessary to provide for one's own safety and protection. It further held that "paragraph two of the syllabus of *Gottesman* [is] disapproved to the extent that it is inconsistent herewith." And finally, the Supreme Court of Ohio specifically reaffirmed the rule established by the *Mackey* case and its analogy to the common law rules on criminal

---

2. Under Rule VI, Rules of Practice of the Supreme Court of Ohio, the syllabus when prepared by the Justice who authored the opinion of the court sets forth the points of law decided. Beck v. Ohio, 379 U.S. 89, 93 n2, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

**730**

responsibility as being applicable to negligence cases. 11 Ohio St.2d at 189, 228 N.E.2d at 630.

Shortly thereafter, in Smith v. Flesher, *supra,* the Supreme Court of Ohio stated in general language "that a seven-year-old child can be contributorily negligent." 12 Ohio St.2d at 115, 233 N.E.2d at 143. In so doing, they did not amplify their comments with observations as to whether the "rebuttable presumption" rule of *Mackey* or the "ordinary care and prudence" for children of that age rule of *Rolling-Mill* applied to a child of seven years of age. Justice Herbert who authored *Holbrock* for the Court dissented in *Smith.* The Appellant would have us infer, therefore, that the loose language of *Smith* is intended to overrule *Holbrock* and *Mackey.* However, the late Chief Justice Taft, who wrote the "Syllabus by the Court," did not make reference to the question of contributory negligence as part of the holding of *Smith,* see Rule VI of the Supreme Court of Ohio Rules of Practice. Thus, we believe that it would be improper to draw from *Smith* an inference that the Ohio Supreme Court was overruling *Holbrock* and *Mackey* which it had just written and affirmed six months earlier.

■ ■ We determine it is Ohio law that minors are generally chargeable with the capacity for committing contributory negligence, Smith v. Flesher, *supra,* Rolling-Mill Co. v. Corrigan, *supra,* except where they are under seven years of age, Holbrock v. Hamilton Distributing, *supra.* And further we determine that where a minor is between seven and fourteen years of age a rebuttable presumption arises that the minor involved is "incapable" of forming the necessary judgments for self care, Lake Erie & W. Railroad Co. v. Mackey, *supra.*

■ The charge by the District Court to the jury did not give the Appellant the benefit of the rebuttable presumption that a child of his age and maturity was entitled to under the law of the State of Ohio. We find such error prejudicial. *See* Holbrock v. Hamilton Distributing, Inc., *supra;* Cincinnati Traction Co. v. Forrest, 73 Ohio St. 1, 75 N. E. 818 (1905).

The judgment of the District Court is reversed and the cause is remanded for a new trial.