**In re BEACH.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V90–37464.

Decided Oct. 28, 1994.

*Michael Dale Falleur*, for the claimant.

*Lee Fisher*, Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on July 20, 1994 upon applicant Teresa Beach's January 27, 1994 objection and notice of appeal to the January 21, 1994 decision of the single commissioner.

Counsel for the applicant and the Attorney General attended the hearing and presented oral argument for this panel's consideration.

The single commissioner had denied the applicant's claim pursuant to R.C. 2743.60(F) because the commissioner found thirteen-year-old Troy Beach, the injured party, had engaged in contributory misconduct by pushing the offender, Roy Montgomery, who was also thirteen years of age.

Counsel for the applicant argues that the applicant's claim cannot be denied pursuant to R.C. 2743.60(F) because a thirteen year old is presumed to be incapable of making self-safety decisions pursuant to the determinations of the United States Court of Appeals, Sixth Circuit, in *Howland v. Sears, Roebuck &*

*Co.* (C.A.6, 1971), 438 F.2d 725, 56 O.O.2d 376, and the Supreme Court of Ohio in *Lake Erie & W. RR. Co. v. Mackey* (1895), 53 Ohio St. 370, 41 N.E. 980. Counsel for the applicant further contends that the injured party did not perceive that shoving another would result in a retaliation that could cause severe personal injury—as was the case in the instant claim. The Attorney General argued that the injured party's conduct did constitute "contributory misconduct," as defined in R.C. 2743.51(M), and requested that this panel affirm the January 21, 1994 decision of the single commissioner.

R.C. 2743.60(F) provides:

"(F) In determining whether to make an award of reparations pursuant to this section, a single commissioner or panel of commissioners shall consider whether there was contributory misconduct by the victim or the claimant. A single commissioner or a panel of commissioners shall reduce an award of reparations or deny a claim for an award of reparations to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim."

R.C. 2743.51(M) defines "contributory misconduct" as follows:

" 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

R.C. 2743.52(A) places the burden of proof upon the applicant to satisfy the Court of Claims commissioners that the requirements for an award of reparations have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374, paragraph one of the syllabus. Black's Law Dictionary defines "preponderance of evidence" as follows:

"Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. *Braud v. Kinchen,* La.App., 310 So.2d 657, 659. With respect to burden of proof in civil actions, means greater weight of evidence, or evidence which is more credible and convincing to the mind. That which best accords with reason and probability. The word 'preponderance' means something more than 'weight'; it denotes a superiority of weight, or outweighing. The words are not synonymous, but substantially different. There is generally a 'weight' of evidence on each side in case of contested facts. *But juries cannot properly act upon the weight of evidence, in favor of the one having the onus, unless it overbear, in some degree, the weight upon the other side.*" (Emphasis added.) Black's Law Dictionary (5 Ed.1979) 1064.

Ordinarily, a *prima facie* claim is made when the applicant files an application in accordance with R.C. 2743.56 and submits such additional material, information, and evidence as required by R.C. 2743.59. *In re Williams* (Mar. 20, 1979), Ct. of Cl. No. V77–0739jud, unreported. However, it is the Attorney General who bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60(F). *In re Williams, supra;* and *In re Brown* (Dec. 13, 1979), Ct. of Cl. No. V78–3638jud, unreported.

From review of the file, with full consideration given to the oral argument presented at the hearing, this panel finds that the Attorney General has met his burden of proving that the victim engaged in contributory misconduct. Having determined that the victim did engage in contributory misconduct, the majority of this panel now turns to the question whether it is reasonable to reduce rather than to deny the applicant's claim.

The applicant has vigorously asserted that this panel of commissioners should read *Howland v. Sears, Roebuck & Co.* (C.A.6, 1971), 438 F.2d 725, 56 O.O.2d 376, *in pari materia* with Revised Code Chapter 2743 and conclude that a minor *offender's* age is not a factor to be considered in assessing criminally injurious conduct, but that we must so consider a minor *victim's* age in adjudicating the issue of contributory misconduct. To the contrary, the Attorney General has asserted that *Howland* is applicable only to a contributory negligence analysis and has no application in our analysis of an issue of a different substance, namely, contributory misconduct. A majority of this panel conclude that neither litigant is precisely on point. Time and time again the single commissioner, the panel commissioners, and the judges of this court are faced with the task of adjudicating the behavior of "offenders" who allegedly perpetrate criminally injurious conduct and victims who, at times, are alleged to have contributed to their victimization by committing misconduct. Applicant's counsel has encouraged this panel to conclude that since capacity has been expressly eliminated by the General Assembly as a consideration in our criminally injurious conduct analysis (when the offender is a minor) and since no similar legislative directive was given to our contributory misconduct analysis, the intent of the General Assembly is to allow capacity to enter into our contributory misconduct analysis. In the case at bar, the applicant maintains that the previous assault by the victim against the offender should be given the rebuttable presumption espoused in *Howland* that this victim was (and is) unable (as a result of his tender age) to be responsible for his conduct. Thus, the applicant urges this panel to ignore the victim's conduct because the Attorney General was unable to rebut the *Howland* presumption. We cannot agree, and while we look to *Howland* for guidance, we do not believe it controls absolutely in our analysis under Revised Code Chapter 2743. Rather, we believe that the victim's age and corresponding capacity can be

considered in our contributory misconduct analysis, and, if we choose to do so, we believe we can reduce an award pursuant to R.C. 2743.60(F) and thereby enter the applicant's youth and character into the equation.

We do not believe that *Howland* precludes this panel from assessing the victim's misconduct, nor do we believe that the victim should be given the benefit of a rebuttable presumption of incapacity. What benefit, if any, we choose to afford minor victims, particularly those of tender age, in our belief, properly falls within the purview of the reduction provisions of R.C. 2743.60(F). In the case at bar, it is undisputed that the offender and victim were of equal or comparable age. Further, it is undisputed that immediately prior to the offender's criminal conduct, that of criminal assault, the victim also assaulted the offender. The victim's conduct precipitated the offender's actions. Accordingly, this victim contributed to his plight, notwithstanding his youth. The victim's youth, however, persuades a majority of this panel to conclude that a reduction rather than a complete denial is appropriate.

Therefore, the January 21, 1994 order of the single commissioner shall be reversed, and the claim shall be referred to the Attorney General for further investigation and a new finding of fact and recommendation concerning economic loss and remanded to the single commissioner for further determination. Any future awards that shall be granted as a result of the criminally injurious conduct which gave rise to this claim shall be reduced by twenty-five percent pursuant to R.C. 2743.60(F).

IT IS THEREFORE ORDERED THAT:

1. The January 21, 1994 order of the single commissioner is REVERSED;

2. This claim is referred to the Attorney General for further investigation and a new finding of fact and recommendation concerning economic loss and remanded to the single commissioner for further determination not inconsistent with the foregoing opinion;

3. The Attorney General shall file an amended finding of fact and recommendation on or before November 28, 1994;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. Pursuant to R.C. 2743.60(F), all future awards shall be reduced by twenty-five percent;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

KARL H. SCHNEIDER and JAMES H. HEWITT III, Commissioners, concur.

**96**

PHILLIP E. PARISI, Commissioner, dissenting.

I dissent from the majority because I do not believe it is reasonable to reduce rather than deny the applicant's claim; I would affirm the decision of the single commissioner that denies the applicant's claim pursuant to R.C. 2743.60(F) due to the contributory misconduct of the minor-victim.