DEEDS, APPELLANT AND CROSS-APPELLEE, *v.* AMERICAN SECURITY ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. C-860483—Decided
August 5, 1987.)

*Cors, Bassett, Kohlhepp, Halloran & Moran* and *Michael L. Gay,* for appellant and cross-appellee.
*Kenneth B. Flacks,* for appellees and cross-appellants.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant/cross-appellee Suzanne Deeds ("Deeds") has taken the instant appeal from the judgment entered below in favor of defendants-appellees/cross-appellants American Security and Robert Justice on Deeds' complaint seeking damages for Justice's negligent execution of his duties as a security guard. On appeal, Deeds advances two assignments of error in which she challenges the trial court's refusal to permit expert testimony and to instruct the jury on the duty of a security guard. American Security and Justice have filed a cross-appeal in this matter in which they contend, in a single assignment of error, that the trial court erroneously denied their motion for a directed verdict.

In 1980, American Security was retained by Olde Montgomery Apartments ("Olde Montgomery") to provide security services for its apartment complex. Pursuant to its oral agreement with Olde Montgomery, American Security developed a set of written "on the job instructions" for its employees which set forth patrolling and reporting procedures and which expressly limited its security purpose to the reduction of vandalism.

In the early morning hours of July 29, 1984, Deeds arrived at the complex to visit her fiance and was accosted in the parking lot by a man armed with a knife. Justice, a security guard employed by American Security, was patrolling the parking lot in his car. He stopped his vehicle within five feet of the prone figures of Deeds and her assailant, observed what he perceived to be a consensual sexual act, and advised Deeds and her assailant that behavior of that nature would not be tolerated there. He then departed with the promise that he would return. When Justice returned, Deeds freed herself from her assailant, ran to Justice, and informed him that she had been raped. Upon the assailant's assurances that he and Deeds were acquainted and that the sexual conduct that Justice had witnessed was consensual, Justice permitted the assailant to

leave the premises. He then contacted the county authorities with a description of the assailant and the license number of his vehicle. The assailant was subsequently apprehended and convicted.

In May 1985, Deeds instituted the action underlying the instant appeal in which she sought compensatory damages from American Security and its employee, Justice, for physical injuries and psychological trauma suffered as a result of Justice's negligent execution of his duties as a security guard. The matter was tried to a jury, which returned a verdict in favor of American Security and Justice, and the trial court entered judgment accordingly.

On appeal from the judgment entered below, Deeds essentially challenges the trial court's refusal to recognize a specialized duty on the part of a private security guard which would extend to the general public and which would encompass protection of persons as well as property. Thus, in her first assignment of error, Deeds contends that the trial court erred in refusing to permit a security expert to testify to the generally accepted standard of conduct for a private security guard or to express his opinion as to whether Justice, in his conduct with respect to Deeds, adhered to that standard. We find no merit to this contention.

Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Moncol* v. *Bd. of Education* (1978), 55 Ohio St. 2d 72, 9 O.O. 3d 75, 378 N.E. 2d 155. Thus, to sustain an action founded upon negligence, a plaintiff must demonstrate:

(1)   that the defendant had a duty, recognized by law, requiring him to conform his conduct to a certain standard for the protection of the plaintiff;

(2)   that the defendant failed to conform his conduct to that standard; and

(3)   that the defendant's conduct proximately caused the plaintiff to sustain actual loss or damage. See *id.*

Evid. R. 702 and 704 govern the admissibility of expert testimony and provide as follows:

"RULE 702. Testimony By Experts

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

"RULE 704. Opinion of Ultimate Issue

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

Thus, Evid. R. 702, in conjunction with Evid. R. 704, permits expert testimony and expert opinion on "an ultimate issue to be decided by the trier of fact" if the witness is qualified as an expert with "specialized knowledge" and if his testimony or opinion will assist or help the trier of fact to understand the evidence or to decide an issue of fact. *Wheeler* v. *Hendershot* (Nov. 28, 1984), Hamilton App. No. C-830891, unreported.

In Ohio, neither statutory nor common law imposes a specialized standard of care upon a private security guard in the execution of his duties. Although a duty to protect residents of an apartment complex and their guests from crimes against persons may arise under contract, the agreement between Olde Montgomery and American Security, as reflected in the "on the job instructions" issued by American Security, expressly limited Justice's security objective to the re-

duction of vandalism, *i.e.,* crimes against property. We, therefore, find that Deeds failed to demonstrate the existence of a duty on the part of Justice in the execution of his employment duties as a security guard which would extend to her or would encompass the protection of her person on the premises. Resultantly, the expert testimony and opinion sought to be elicited by Deeds in the proceedings below as to the generally accepted standard of conduct for a security guard and Justice's adherence to that standard would not have been helpful to the jury, within the meaning of Evid. R. 702, either in its understanding of the evidence presented or in its determination of the factual issues material to Deeds' claim. Thus, we conclude that the trial court properly excluded the proffered expert testimony and, accordingly, overrule Deeds' first assignment of error.

In her second assignment of error, Deeds contends that the trial court erred in its refusal to instruct the jury on the standard of care of a "reasonably prudent security guard." Again, and for the reasons set forth in our disposition of the first assignment of error, we are unpersuaded.

At trial, Deeds requested the court to charge the jury as follows:

"A private security guard has a legal duty to protect members of the general public from assaults by third persons. If the security guard fails to act as what [sic] a reasonably [sic], prudent security guard under similar circumstances, and that failure is the proximate cause of the Plaintiff's injuries then your finding must be for the Plaintiff."

The court refused the requested charge but instructed the jury on the general legal duty to exercise ordinary care to avoid injuring another. The court further charged that one who

undertakes an act which he has no legal duty to perform must, in the performance of that act, exercise ordinary care and may be subject to liability to an injured plaintiff for resultant physical harm if his failure to exercise ordinary care increased or caused the risk of harm.

As we determined, *supra,* neither the state legislature nor the state courts have recognized a higher duty on the part of a privately retained security guard to protect members of the general public from offenses against their persons. We, therefore, conclude that the requested instruction, having no basis in law, was unwarranted. Accordingly, we overrule Deeds' second assignment of error.

American Security and Justice, in perhaps an overabundance of caution, have filed a cross-appeal in this matter in which they contend, in a single assignment of error, that the trial court erred in failing to direct a verdict in their favor. We disagree.

Although, as we determined *supra,* a privately retained security guard, by virtue of his status, owes no specialized duty to the general public to protect against crimes against their persons, the trial court properly found and so instructed the jury that one who intervenes to aid another has a duty, in the course of his intervention, to exercise ordinary care. See *Elliott* v. *Fosdick & Hilmer, Inc.* (1983), 9 Ohio App. 3d 309, 9 OBR 575, 460 N.E. 2d 257. Thus, construing the evidence most strongly in favor of Deeds, we determine that reasonable minds could come to differing conclusions on the evidence submitted. See *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 21 O.O. 3d 177, 423 N.E. 2d 467; Civ. R. 50(A)(4). We, therefore, conclude that the court below properly overruled defendant's motion for a directed verdict and, accordingly, overrule the

sole assignment of error advanced on cross-appeal.[1]

Having thus found the two assignments of error asserted by Deeds and the sole assignment of error advanced by American Security and Justice to be untenable, we affirm the judgment of the court below.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.

---

[1] A contrary conclusion, *viz.,* that the trial court erred in failing to direct a verdict in favor of American Security and Justice, would not alter our ultimate disposition of the appeal. An erroneous ruling on defendant's motion for a directed verdict clearly would be nonprejudicial when defendants prevailed below.