**EAGLE, Appellant,**

v.

**MATHEWS–CLICK–BAUMAN, INC. et al., Appellees.**

[Cite as *Eagle v. Mathews–Click–Bauman, Inc.* (1995), 104 Ohio App.3d 792.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1507.

Decided June 22, 1995.

*Niehoff & Santellani, Lianne L. Santellani* and *David O. Niehoff,* for appellant.

*Wiles, Doucher, VanBuren & Boyle* and *Timothy P. McCarthy; Luper, Wolinetz, Sheriff & Neidenthal* and *Gunther K. Lahm,* for appellees Mathews–Click–Bauman, Inc. and Katherine LeVeque.

*Artz, Dewhirst & Farlow, Scot E. Dewhirst* and *Linda J. Lawrence,* for appellee Murray Guard, Inc.

---

REILLY, Judge.

Plaintiff-appellant, Rachelle Eagle, appeals the judgment of the Franklin County Court of Common Pleas, which entered summary judgment in favor of defendants-appellees, Murray Guard, Inc. ("Murray Guard"), Mathews–Click–Bauman, Inc. ("Mathews–Click–Bauman"), and Katherine LeVeque. Appellant sets forth the following three assignments of error:

"Assignment of Error No. 1

"The trial court erred in striking the affidavit of security expert Ralph Witherspoon.

"Assignment of Error No. 2

"The trial court erred in granting summary judgment in favor of Murray Guard by finding that reasonable minds could only conclude that Murray Guard had no duty toward plaintiff-appellant.

"Assignment of Error No. 3

"The trial court erred in rendering summary judgment in favor of Mathews–Click–Bauman, Inc. and Katherine LeVeque by finding that reasonable minds could only conclude that it was not foreseeable that harm was likely to occur to persons entering the vacant seventh floor."

The facts of this case are undisputed. On April 9, 1992, appellant was a pedestrian at the Broad and High Street area, in Columbus, Ohio, when she was handed a flyer from Richard Wozniak informing appellant that Hanes Hosiery was seeking women to do advertising for their line of hosiery. The flyer stated that $50 would be paid to participants for a set of ten photos of their legs, and that such photos would be screened by a Hanes representative, and the women selected would be paid $1,000 for the final shoot.

Appellant gave Wozniak her name and telephone number so that an appointment could be arranged for him to photograph her legs. Wozniak subsequently called appellant and scheduled a meeting for 12:00 p.m. on April 15, 1992. They met at the City Center Mall and walked to Bicentennial Park for a brief photo session. Wozniak told appellant that his office was located at the LeVeque Tower and that his secretary had a $50 check for appellant. She and Wozniak walked to the LeVeque Tower.

Upon entering the LeVeque Tower from the Broad Street entrance, appellant and Wozniak walked past the security desk and entered the elevator. Wozniak pushed the button for the seventh floor. Upon exiting the elevator on the seventh floor, Wozniak and appellant walked down what appeared to appellant to be a normal floor in an office building. All doors leading to the individual offices were closed and suite numbers were posted outside the doors. Upon turning the corner to the right, appellant saw a sign with "Suite 705" on it, and at this point, Wozniak pushed her through the door into a restroom and raped her.

Appellant screamed for help but no one came to her assistance. After raping appellant, Wozniak left, and appellant ran to several of the suite doors for help. Unknown to appellant, the entire floor was vacant. Appellant went to the eighth floor of the LeVeque Tower and received assistance from tenants on that floor.

Subsequently, appellant filed suit against Murray Guard, the security agency for the LeVeque Tower, Mathews–Click–Bauman, the manager of the LeVeque Tower, and Katherine LeVeque, for the injuries she sustained as a result of the incident.

Murray Guard filed a motion for summary judgment. Mathews–Click–Bauman and Katherine LeVeque filed a joint motion for summary judgment. Appellant filed memoranda contra to both motions for summary judgment. In support of the memoranda contra, appellant submitted the affidavit of Ralph W. Witherspoon, an alleged security expert. Murray Guard submitted a motion to strike the affidavit, arguing that the affidavit contained conclusions that were inadmissible as evidence. The trial court, in a single decision, sustained the motion to strike the affidavit of Ralph Witherspoon, and granted summary judgment in favor of appellees. Appellant appeals the trial court's decision.

For clarity purposes, we will first address appellant's second and third assignments of error.

The standard for summary judgment is well settled. Civ.R. 56(C) provides that summary judgment shall be granted if the "pleading[s], depositions * * * [and] written admissions * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" If, upon construing the evidence most strongly in favor of the nonmoving party, reasonable minds could reach but one conclusion which is adverse to the moving party, summary judgment is appropriate. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881; *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

In her second assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Murray Guard by finding that Murray Guard owed no duty to appellant. Appellant contends that Murray Guard did have a duty to her under the terms of the contract for security services between Murray Guard and Katherine LeVeque and under 2 Restatement of the Law 2d, Torts (1965), Section 323.

Under Ohio law, generally no duty exists to prevent a third person from harming another unless a "special relationship" exists between the actor and the other. *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 9 OBR 280, 458 N.E.2d 1262. The issue of whether a special relationship exists between a security guard and members of the general public was decided in *Deeds v. Am. Security* (1987), 39 Ohio App.3d 31, 528 N.E.2d 1308. In *Deeds*, the court held that there is no basis in Ohio, either by statute or under common law, for imposing a higher duty on the part of a privately retained security guard to protect members of the general public from offenses of third persons. In *Deeds*, a guest of a tenant of an apartment complex filed an action against a security company for damages sustained as a result of being assaulted and raped on the grounds of the apartment building. The owner of the apartment complex had contracted with a security agency for security of the property. The security guard on duty at the time of the rape, while performing his required surveillance of the property, observed what he thought was a consensual act between the plaintiff and her assailant. He approached the couple and advised them that their behavior would not be tolerated and then departed. When the officer returned, the plaintiff was able to free herself and ran to the officer informing him that she had been raped.

The *Deeds* court held that to sustain an action for negligence, a plaintiff must first show a duty, recognized by law, requiring the security guard to conform his conduct to a certain standard for the protection of the plaintiff. The

court further noted that in Ohio neither statutory nor common law imposes a specialized standard of care upon a private security guard in the execution of his duties. Therefore, a private security guard would only be required to exercise ordinary care in performing his duties. However, the court noted that a duty to protect residents of an apartment complex and their guests from crimes against persons may arise under contract. But, in the absence of such a duty arising under contract, a security guard may only be held liable at common law for failure to exercise ordinary care.

The next issue in our case is whether the contract entered into between Murray Guard and Katherine LeVeque, which provided for security services to be performed at the LeVeque Tower by Murray Guard, imposed a contractual duty which would include protection of appellant's person. The contract provides in pertinent part:

" * * * [T]he Company [LeVeque Tower] desires to have the Contractor [Murray Guard] undertake to furnish uniformed security officers and services to protect the premises of the Company located at 50 West Broad Street hereinafter referred to as the 'PROTECTED PROPERTY.' "

The language of the contract is clear that the contract is for the protection of property. However, appellant cites Appendix A of the contract which states as follows:

*"PROTECTION OF THE COMPANY PROPERTY*

"I. In order to preserve peace and good order, and to protect the lives, property and interests of the company and its employees, the security officers must watch for:

"1. Fire hazards.

"2. Unsafe conditions.

"3. Evidence of intrusion or foul play.

"4. Any situation that is not to the best interest to the company should be reported promptly. * * * "

This provision could possibly be construed to contract for the protection of employees of the LeVeque Tower. However, appellant was not an employee. Hence, this court finds that the trial court properly found that Murray Guard had no duty to protect appellant from the attack. Appellant's second assignment of error is overruled.

By her third assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Mathews–Click–Bauman and Katherine LeVeque by finding that it was not foreseeable that harm was likely to occur to persons entering the seventh floor.

As stated above, ordinarily no duty exists to prevent a third person from harming another unless a "special relationship" exists between the actor and the other person. *Gelbman, supra.* Such a "special relationship" exists between a business and its business invitees. *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071. Thus, a business may be subject to liability for harm caused to a business invitee by the criminal conduct of third persons. See *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph one of the syllabus; *Taylor v. Dixon* (1982), 8 Ohio App.3d 161, 8 OBR 219, 456 N.E.2d 558. Nevertheless, a business invitor is not an insurer of the safety of its business invitees while they are on its premises. *Howard, supra,* paragraph two of the syllabus. Consequently, a business has a duty to warn or to protect its business invitees from criminal acts of third persons only where the business knows or should know in the exercise of ordinary care that such acts present a danger to its business invitees. *Howard, supra.*

Thus, the issue is whether the rape of appellant was reasonably foreseeable. The issue of the nature and scope of foreseeability in Ohio negligence law has been determined by the Ohio Supreme Court. Foreseeability is based upon whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of the act. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710.

In the present case, a rape was not foreseeable by Mathews–Click–Bauman or Katherine LeVeque. There is no evidence to suggest that other rapes had ever occurred at the LeVeque Tower. Further, Wozniak was an employee of a tenant at the LeVeque Tower. Appellant voluntarily entered the LeVeque Tower with Wozniak and did not exhibit any unusual conduct signifying distress. There was no reason to believe that appellant was in danger. As no particular facts exist which make the actions of Wozniak foreseeable, the trial court correctly held that the attack on appellant was not foreseeable. Accordingly, appellant's third assignment of error is overruled.

■ We now address appellant's first assignment of error. Attached to appellant's memoranda contra appellees' motion for summary judgment was the affidavit of Ralph Witherspoon; by the affidavit, appellant sought to offer an expert opinion regarding the foreseeability of criminal activity in downtown high-rise buildings in Columbus, Ohio concerning whatever foreseeability that may have existed and the adequacy and appropriateness of the security measures taken by appellees. Appellees filed a motion to strike the affidavit on the ground that it included inadmissible evidence and did not comply with Civ.R. 56(E). The trial court by decision and entry granted the motion striking the affidavit and also granted appellees' motions for summary judgment.

Appellant argues that the trial court erred in striking the affidavit. The *Deeds* court addressed this issue. In that case the court held that in a personal injury action seeking recovery for alleged negligence in the execution of a security guard's duties, a trial court properly refuses to permit expert testimony on the generally accepted standard of conduct for a security guard when the security guard's duties are limited by contract only to the protection of property. *Deeds,* 39 Ohio App.3d at 33–34, 528 N.E.2d at 1311–1313.

As this court found above, the contract entered into by Murray Guard and Katherine LeVeque limited the security agency's duties to the protection of property. Therefore, appellant's first assignment of error is overruled.

Accordingly, all of appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.