I concur in the majority's decision with respect to upholding the lower court's ruling, granting summary judgment to appellees, Pine Ridge Apartments Company II, Goldberg Companies, Inc., Willo Security, Inc. and Wayne Trubiano. However, I respectfully dissent from the majority's opinion with respect to appellees, DRP Security, Inc. ("DRP"), David I. Morris ("Morris"), Hermann Hill ("Hill") and Demetrios Latham ("Latham") in this case.
As the majority notes, an appellate court reviews a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. Further, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
As the majority further notes, to maintain a wrongful death action on a theory of negligence, a plaintiff must show that: (1) there was a duty owed to the plaintiff's decedent; (2) there was a breach of that duty; and (3) there was proximate cause between the breach of duty and the death. Littleton v. Good Samaritan Hosp. Health Ctr. (1988),39 Ohio St.3d 86, 92. The existence of a duty is in the first instance a question of law for the trial court even though negligence actions involve both questions of law and fact. Clemets v. Heston (1985),20 Ohio App.3d 132 . Under Ohio law, the existence of a duty depends on the injury's foreseeability. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77 ("The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.").
While there is ordinarily no duty to control the conduct of a third person by preventing him from causing harm to another, such a duty exists in cases where there is a special relationship between the actor and the third person that gives rise to a duty to control or which gives the other the right to protection. Fed. Steel Wire Corp. v. Ruhlin Constr.Co. (1989), 45 Ohio St.3d 171, 173. A security company's duty to a person injured by criminal activity on the premises depends on the terms of the security company's contract with the owner of the premises. Maier v.Serv-All Maintenance, Inc. (1997), 124 Ohio App.3d 215, 221, citing Hillv. Sonitrol of southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36 and Eaglev. Mathews-Click-Bauman, Inc. (1995), 104 Ohio App.3d 792.
In this case, there was some evidence demonstrating that DRP, Hill, Latham and Morris had a contractual duty to protect both persons and property at the apartment complex. Based on deposition testimony, there was evidence that the guards were required to perform foot patrol. Whether Hill and Latham breached their duty to perform the required foot patrols under the unusual circumstances to which they testified, is a factual question to be determined by a jury.
Additionally, there are genuine issues of material fact concerning the scope of the security contract, the duties undertaken by DRP, Latham, Hill and Morris and the Kopaitichs' status as intended beneficiaries under that contract. Under these circumstances, summary judgment was not appropriate on these issues with respect to appellees DRP, Latham, Hill, and Morris. See Borg Warner Protection Services (1997), 117 Ohio App.3d 544
(summary judgment denied because genuine factual issues existed concerning intent of security agreement and scope of protection duties). This conclusion is consistent with and supported by the Ohio Supreme Court's decision in Federal Steel Wire v. Ruhlin Const. Co. (1989),45 Ohio St.3d 171, 176 (whether defendant's negligence in providing site security could create liability for third party criminal conduct is a jury issue) (citing to Restatement of Law 2d, Torts, Sections 448 and 449 [1965]).
For these reasons, I would reverse the trial court's summary judgment ruling with respect to appellees DRP, Latham, Hill and Morris and affirm the trial court's ruling with respect to all of the other appellees.