[Cite as *Bradley v. Cleveland Browns Football Co., L.L.C.*, 2026-Ohio-1188.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSHUA BRADLEY, SR.,                    :

    Plaintiff-Appellant,          :

                                      No. 115092

    v.                             :

CLEVELAND BROWNS FOOTBALL            :
COMPANY LLC, ET AL.,

                                          :

    Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-105945

---

### *Appearances:*

Joshua Bradley, Sr., *pro se.*

Gallagher Sharp LLP, James T. Tyminski, Jr., and Kathleen M. Kennedy, *for appellee* Apex Security Group, Inc.

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Plaintiff-appellant Joshua Bradley, Sr., pro se, appeals the trial court's decision to grant summary judgment in favor of Apex Security Group, Inc. ("Apex"). After a thorough review of the record and applicable law, we affirm.

{¶ 2} This case stems from an altercation that occurred between appellant and another man at the Cleveland Browns Stadium during the October 31, 2022 Cleveland Browns v. Cincinnati Bengals game.[1]

{¶ 3} Appellant was employed by Minutemen and working the game that night. Appellant was taking out the trash when he and a group of male fans began exchanging words. At deposition, appellant stated that he did not feel threatened by the fans at that time because they were "just cracking jokes." During this exchange, appellant acknowledged that four security guards walked past the group. According to appellant, he did not alert the security guards or anyone else at this time because he did not feel threatened. One of the men, Tarelle Wilson, subsequently punched appellant in the face.[2] At deposition, appellant stated that he felt physically threatened by Wilson only when Wilson got in his face, right before he was punched.

{¶ 4} On October 23, 2024, appellant filed suit alleging negligence against the Cleveland Browns Football Company, Cleveland Browns Stadium Company, LLC, Landmark Event Staffing Services, Inc., Apex Security Group, Inc., Cleveland Browns Holdings, LLC, and the City of Cleveland in Cuyahoga County Common Pleas Court. Appellant amended his complaint to add Aramark Sports and

---

[1] The Browns beat the Bengals 32 – 13.

[2] Wilson was charged with felonious assault and eventually pled guilty to a lesser offense, attempted felonious assault. He was sentenced to nine months in prison. *See State v. Wilson*, Cuyahoga C.P. No. CR-23-679160-A.

Entertainment Services, LLC, and to include punitive damages against all defendants.[3]

{¶ 5} Apex moved for summary judgment. On May 1, 2025, the trial court granted summary judgment in favor of Apex.[4] Appellant now appeals, raising the following assignments of error for our review:

> I. The trial court committed reversible error by misinterpreting and misapplying Ohio personal injury, Dram Shop and negligence law. The trial court erred by misinterpreting and misapplying Ohio law concerning personal injury, premises liability, and negligence. The trial court erred in granting Apex Security's motion to dismiss the complaint.
>
> II. The trial court erred in improperly excluding or discrediting key evidence critical to Plaintiff-Appellant's claims. The trial court improperly excluded critical evidence, including affidavits, photographs, videos, and discovery responses.
>
> III. The trial court engaged in judicial misconduct, including bias and failure to apply the law neutrally. The conduct of the trial judge showed judicial bias and disregard for the pro se litigant's rights, amounting to misconduct.
>
> IV. Appellant argues that the trial court abused its discretion by overruling his motion for a default judgment. Accordingly, when a responsive pleading is late, but filed before a motion for a default judgment, a trial court is within its discretion in accepting the late filing where there is no showing of prejudice. The Appellant filed his default motion first. The Appellant was prejudiced by this delay and notified the court in a timely manner.

---

[3] Throughout the course of litigation and this appeal, appellant has dismissed the complaint against all defendants, except for Apex.

[4] Despite appellant filing a notice of appeal in this case, the parties have continued to file numerous motions in the trial court, all of which the trial court has held in abeyance pending the outcome of this appeal. Of note, Apex filed a motion to have appellant declared a vexatious litigator. Although the trial court has jurisdiction to decide that motion, it has also been held in abeyance pending the outcome of this appeal.

V. The trial court committed procedural errors that compromised the fairness of the proceedings. The trial court never acknowledged and basically ignored the Appellants' [sic] motions for mediation and motions for sanctions.

**Summary Judgment**

{¶ 6} In the first assignment of error, appellant claims that the trial court erred in granting Apex's motion to dismiss.

{¶ 7} We must first address two initial matters. First, the trial court did not grant Apex's motion to dismiss — Apex never filed a motion to dismiss. The trial court did, however, grant Apex's motion for summary judgment; therefore, we will presume that appellant is challenging the court's decision granting summary judgment to Apex.

{¶ 8} Next, appellant fails to point to the places in the record that support his general claim that the trial court erred in rendering its decision. Rather, appellant makes a general statement that his evidence established a prima facie case of negligence. App.R. 12(A)(2) provides, in part, that this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 16(A)(3) provides that an appellant shall include in the appellant's brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."

{¶ 9} This court is authorized to summarily overrule this assignment of error because appellant has failed to comply with App.R. 12(A)(2) and 16(A)(3) by

failing to make specific references to the record substantiating his claim and identifying portions of the record where the alleged errors are reflected. *See In re M.K.L.*, 2023-Ohio-79 (8th Dist.) (overruling appellant's argument for failure to comply with App.R. 12 and 16).

{¶ 10} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *Rasheed v. Robinson*, 2025-Ohio-3284, ¶ 21 (8th Dist.), quoting *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10. "'[I]t is not for this court to assume the role of advocate for the pro se litigant . . . . Nor is it this court's duty to search for authority or to root out an argument to support an appellant's assignment of error.'" *Rasheed* at *id.*, quoting *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 13 (8th Dist.). Although appellant's brief fails to comply with App.R. 12 and 16, we exercise our discretion to address the assignment on the merits.

{¶ 11} Summary judgment is governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

{¶ 12} We review an appeal from summary judgment under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15

(8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000). As such, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Cleveland Elec. Illum. Co.* at *id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997).

{¶ 13} "In order to establish negligence, one must show the existence of a duty, a breach of that duty, and that the breach was the proximate cause of an injury." *Nelson v. Cleveland*, 2013-Ohio-493, ¶ 22 (8th Dist.), citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75 (1984).

{¶ 14} "Under Ohio law, there generally is no duty to prevent a third person from causing harm to another absent a special relation between the parties." *Mosby v. Sanders,* 2009-Ohio-6459, ¶ 12 (8th Dist.), citing *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130 (1995). The Ohio Supreme Court has recognized that "a business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." *Simpson* at 135.[5]

{¶ 15} "The foreseeability of criminal acts of third parties depends upon the knowledge of the business owner and any duty imposed is based upon the business owner's superior knowledge of a danger relative to that of his invitee." *Mosby* at

---

[5] As an employee of Minutemen, appellant was a business invitee at the time of the assault.

¶ 13, citing *Haddad v. Kan Zaman Restaurant*, 2007-Ohio-6808 (8th Dist.). The totality of the circumstances must be "somewhat overwhelming" before a business owner will be held to be on notice of and under a duty to protect against the criminal acts of third parties. *Mosby* at *id.*, citing *Haddad*.

{¶ 16} It is undisputed that Apex did not own or control the Browns Stadium. Apex's role at the Browns Stadium emanated from the security agreement contract between Apex and the Cleveland Browns Stadium Company, LLC. ("Browns Stadium Co."). "Whether a security company owes a duty to a person injured by criminal activity on the premises depends on the terms of the security company's contract with the premises owner." *Maier v. Serv-All Maintenance*, 124 Ohio App.3d 215, 221 (8th Dist. 1997), citing *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 3 (1998). In Ohio, there is no basis, "either by statute or under common law, for imposing a higher duty on the part of a privately retained security guard to protect members of the general public from offenses of third persons." *Deeds v. Am. Sec.*, 39 Ohio App.3d 31 (1st Dist. 1987), paragraph one of the syllabus.

{¶ 17} In this case, the contract between Apex and Browns Stadium Co. did not specify Apex's duties or whether it had a duty to protect both persons and property at Browns Stadium. The security agreement provided that Apex would provide Browns Stadium Co. with "security services and certain off duty police officers." Under "Event Staff Responsibilities" the contract stated that Apex's "personnel shall be responsible for the carrying out of the written Job Site rules, regulations and policies." Those rules, regulations, and policies are not set forth in

the contract and do not otherwise appear in the record. The contract further stated that Apex

> shall require staff to provide reports of all ejections and other incidents involving significant fan misbehavior and potentially criminal conduct on the 24/7 Software system or such other system adopted by [Cleveland Browns Co.]. [Apex] shall develop a plan for reporting and interacting with law enforcement authorities in the handling of ejections and arrests . . . .

{¶ 18} Although the contract does not specify Apex's specific duties or responsibilities, if we were to find that a special relationship exists for the security company to provide protection for an individual, the security company is only liable if the criminal actions of the third party were foreseeable. *Maier* at *id.* The test for foreseeability is "'[w]hether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.'" *Maier* at *id.*, quoting *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173 (1989). "No one is bound to prevent consequences which are beyond the range of probability." *Maier* at *id.*, citing *Feichtner v. Cleveland*, 95 Ohio App.3d 388 (8th Dist. 1994).

{¶ 19} During his deposition, appellant admitted that it was not likely that someone would punch him in the face while he was performing his duties:

> Q.: So in your role you were taking out the trash at the Browns game. It was possible that someone could punch you in the face, but it was not probable?

> A: Yes. It's not highly probable, but it's not impossible.

{¶ 20} Additionally, appellant testified that he did not anticipate the assault until *just* before it occurred, when he was engaged in conversation with Wilson.

Based on this, even if Apex somehow had a duty to protect appellant, Wilson's acts were unforeseeable.

{¶ 21} In light of the above, appellant is unable to show a triable issue of fact showing that Apex was negligent. Therefore, the trial court did not err in granting summary judgment in favor of Apex.

**Appellant's Evidence**

{¶ 22} In the second assignment of error, appellant argues that the trial court erred when it improperly disregarded or excluded his evidence. According to appellant, the trial court ignored his request for production of documents, photographs, and medical records, and ignored material evidence "without hearings or findings." Appellant argues that the trial court should not have granted summary judgment without issuing findings or holding a hearing on the matter. We disagree.

{¶ 23} Appellant once again fails to direct this court to places in the record that support his claim that the trial court unjustly excluded or ignored his evidence, and this court will not attempt to search out evidence in the record to support appellant's claim.

{¶ 24} A trial court is not required to make findings of fact before ruling on a motion for summary judgment. Civ.R. 52 provides that "[f]indings of fact and conclusions of law required by this rule and Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to . . . Rule 56." "This language makes it clear that findings of fact and conclusions of law are not necessary when a trial court

rules on a party's motion for summary judgment." *Burdette v. Stevens*, 2007-Ohio-4604, ¶ 11 (5th Dist.).

{¶ 25} The court was also not required to hold a hearing on the motion. This court has long held that a trial court is not required to hold a hearing prior to ruling on a motion for summary judgment. *Capital One Bank (U.S.A.), N.A. v. McCladdie*, 2022-Ohio-4082, ¶ 25 (8th Dist.), citing *Greenberg v. Markowitz*, 2010-Ohio-2228, (8th Dist.). "Even if a hearing is requested, holding a hearing is wholly within the trial court's discretion." *Capital One Bank* at *id.*

{¶ 26} Here, there is no indication that appellant requested a hearing on the motion. Even if he had, the trial court was within its discretion to deny the request.

{¶ 27} The second assignment of error is overruled.

**Claim of Judicial Bias**

{¶ 28} In his third assignment of error, appellant contends that the trial court was biased against him.

{¶ 29} Appellant's exclusive remedy if he believed that the trial judge was biased or prejudiced against him at any stage of his case was to file an affidavit of disqualification pursuant to R.C. 2701.03. "The Chief Justice of the Ohio Supreme Court, or his or her designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *State v. Bacon*, 2005-Ohio-6238, ¶ 66 (8th Dist.), citing Ohio Const., art. IV, § 5(C).

{¶ 30} In general, therefore, "appellate courts have 'no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and

no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced.'" *Bertalan v. Bertalan*, 2025-Ohio-1443, ¶ 63 (8th Dist.), quoting *State v. Bastawros*, 2024-Ohio-2809, ¶ 17 (8th Dist.). We note, however, that "'[a]lleged due-process violations . . . may be addressed on appeal.'" *Bertalan* at *id.*, quoting *State v. Hunt (In re Thomakos)*, 2020-Ohio-6874, ¶ 4.

{¶ 31} In that regard, however, this court has previously held:

> Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Importantly, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. Typically, [a party] must demonstrate the bias through linking the impermissible commentary to the decisions rendered at trial. If the [party] demonstrates that the trial was infected with judicial bias, the remedy is a new trial.

(Cleaned up.) *Bertalan* at *id.*, quoting *Bastawros* at ¶ 19.

{¶ 32} Viewing the record as a whole, "we see nothing to suggest that the trial court harbored a hostile feeling of ill will toward" appellant. *State v. LaMar*, 2002-Ohio-2128, ¶ 36. The record instead suggests that the trial court acted with restraint in dealing with appellant. Nothing here suggests a due-process violation.

{¶ 33} Accordingly, the third assignment of error is overruled.

**Appellant's Motion for Default Judgment**

{¶ 34} In the fourth assignment of error, appellant argues that the trial court erred in denying his motion for default judgment. The record reflects that appellant filed a motion for default judgment against the Cleveland Browns Football

Company, Cleveland Browns Stadium Company, and Cleveland Browns Holdings, LLC. These defendants have been dismissed from the suit and are not parties to this appeal. Appellant never filed a motion for default judgment against Apex. Therefore, his argument is not properly before the court.

{¶ 35} The fourth assignment of error is overruled.

**Cumulative Error**

{¶ 36} In the fifth assignment of error, appellant contends that cumulative error deprived him of due process.

{¶ 37} Under the cumulative-error doctrine, a trial court's judgment may be reversed if the cumulative effect of multiple errors prevents a fair trial even though each of the individual errors, standing alone, would not constitute grounds for reversal. *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). *See also Edge v. Fairview Hosp.*, 2011-Ohio-2148, ¶ 46 (8th Dist.) (noting that Ohio courts have found that the extension of the cumulative-error doctrine to civil cases is warranted where the court is confronted with several errors, which either are harmless individually or have marginally prejudicial effects, but combine to require a new trial). The cumulative-error doctrine does not apply in cases where there are not multiple errors. *Marrs v. Mickel*, 2023-Ohio-4528, ¶ 24 (8th Dist.).

{¶ 38} Appellant argues that the trial court committed cumulative errors including denying his motion to refer the matter to mediation and his motion for sanctions. Appellant's motion for sanctions was filed against parties that are no longer parties to this case and are not parties to this appeal; therefore, we will not

consider his argument. As to appellant's motion to refer the case to mediation, Cuyahoga C.P., Gen.Div., Loc.R. 21.1(A)(2) gives the trial court discretion on whether to refer a case to mediation. We do not find that the trial court in this case erred when it did not refer this case to mediation.

{¶ 39} We have not found any errors, let alone multiple errors, in the proceedings of this case. Therefore, the cumulative-error doctrine does not apply.

{¶ 40} The fifth assignment of error is overruled.

{¶ 41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR