STATEN, Admr., Appellant,

v.

OHIO EXTERMINATING CO., INC., Appellee.

[Cite as *Staten v. Ohio Exterminating Co., Inc.* (1997), 123 Ohio App.3d 526.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE04–529.

Decided Nov. 4, 1997.

---

*Frederick L. Berkemer & Co., L.P.A.,* and *Frederick L. Berkemer,* for appellant.

*Wiles, Doucher, VanBuren & Boyle Co., L.P.A., James M. Wiles* and *William B. Benson,* for appellee.

---

BOWMAN, Judge.

Rommel Knox was employed as a service technician trainee by defendant-appellee, the Ohio Exterminating Company, Inc., on June 18, 1994. After he was in the home of Patricia Jean Smith, along with his supervisor, Smith reported that her diamond ring had been stolen. Knox was asked to submit to a polygraph test by Ohio Exterminating, but he never returned to work and was

terminated shortly thereafter. A felony theft charge was filed against Knox on August 2, 1994. On January 4, 1995, Smith was shot and killed by William Anthony III, while Knox was present. Knox was convicted of the aggravated murder of Smith on August 11, 1996.

This case was initiated as an action for theft of the ring and for the wrongful death of Smith. Plaintiff-appellant, Ruth P. Staten, administrator of the estate of Smith, claims that Smith was killed to prevent her from testifying against Knox in the felony theft case against him. Appellee filed a motion for summary judgment. The trial court found a question of fact as to appellee's liability for negligent employment and damages resulting from the theft of the ring because the employment relationship between Knox and appellee was undisputed. The trial court further found that Knox's criminal record, which appellee should or could have known, raised questions of fact as to negligent hiring, that is, whether Knox was an appropriate person to perform exterminating services in private residences, as well as issues related to foreseeability and proximate cause. The trial court sustained the motion for summary judgment as to appellee's liability for the wrongful death of Smith caused by Knox. Appellant has appealed and raises the following assignment of error:

"The trial court erred when it granted summary judgment to Defendant–Appellee, Ohio Exterminating Co., Inc., on the issue of its liability for the death of Patricia Jean Smith, as this is a factual issue properly submitted to a jury, and Defendant–Appellee is not entitled to judgment as a matter of law."

■ Appellant contends that the trial court erred in granting appellee summary judgment because an issue of material fact exists as to liability for Smith's death. In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

Appellant alleged negligent hiring, which is recognized as a tort in Ohio. See *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584. Restatement of the Law 2d, Agency (1958) 458, Section 213, provides as follows:

"A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

" * * * *

"(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others[;]

" * * *

"(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control."

Comment *d* to that section provides:

"The principal may be negligent because he has reason to know that the servant or other agent, because of his qualities, is likely to harm others in view of the work or instrumentalities entrusted to him. If the dangerous quality of the agent causes harm, the principal may be liable under the rule that one initiating conduct having an undue tendency to cause harm is liable therefor. * * *

" * * * An agent, although otherwise competent, may be incompetent because of his reckless or vicious disposition, and if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with others while in the performance of a duty, he is subject to liability for harm caused by the vicious propensity. * * *

"One who employs another to act for him is not liable under the rule stated in this Section merely because the one employed is incompetent, vicious, or careless. If liability results it is because, under the circumstances, the employer has not taken the care which a prudent man would take in selecting the person for the business at hand. What precautions must be taken depend upon the situation. One can normally assume that another who offers to perform simple work is competent. If, however, the work is likely to subject third persons to serious risk of great harm, there is a special duty of investigation."

The elements of negligent hiring have been set forth in *Evans v. Ohio State Univ.* (1996), 112 Ohio App.3d 724, 739, 680 N.E.2d 161, 170–171, quoting *Ruta v. Breckenridge–Remy Co.* (Dec. 12, 1980), Erie App. No. E–80–392, quoting 2 American Jurisprudence Proof of Facts 2d 625, Lack of Care in Hiring, Section 2, as follows:

" ' "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." ' "

 At issue in this case is the fifth element, appellee's negligence in hiring Knox and whether this was the proximate cause of Smith's murder. It is clear that the elements necessary to establish negligence consist of a duty, a breach of

that duty, and an injury proximately resulting therefrom. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. The existence of a duty depends upon the foreseeability of the injury. "Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. * * * Thus, liability in negligence will not lie in the absence of a special duty owed by a particular defendant." *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772.

The courts, in cases involving negligent hiring, have imposed a duty to exercise reasonable care in the selection of employees who, in the performance of their duties, will have the opportunity to commit a crime against a third person. See *Smith v. Orkin Exterminating Co., Inc.* (La.App.1989), 540 So.2d 363; *Williams v. Feather Sound, Inc.* (Fla.App.1980), 386 So.2d 1238; *C.K. Sec. Systems v. Hartford Acc. & Indem.* (1976), 137 Ga.App. 159, 223 S.E.2d 453. An employer may be negligent if he knew, or should have known, that his employee had a propensity for violence and that the employment might create a situation where the violence would harm a third person. *Coath v. Jones* (1980), 277 Pa.Super. 479, 482, 419 A.2d 1249, 1250, citing *Dempsey v. Walso Bureau, Inc.* (1968), 431 Pa. 562, 246 A.2d 418. "The foreseeability of a criminal act depends upon the knowledge of the defendant, which must be determined by the totality of the circumstances, and it is only when the totality of the circumstances are 'somewhat overwhelming' that the defendant will be held liable." *Evans*, 112 Ohio App. 3d at 742, 680 N.E.2d at 173, citing *Feichtner v. Cleveland* (1994), 95 Ohio App.3d 388, 396, 642 N.E.2d 657, 662–663.

This court, in *Evans* at 740, 680 N.E.2d at 171–172, discussed criminal acts of a third party for which an employer may be legally responsible and stated that "concerning criminal acts of a third party which the defendant might reasonably anticipate, 'the mere fact that misconduct on the part of another might be foreseen is not of itself sufficient to place the responsibility upon the defendant.'" *Evans* at 740, 680 N.E.2d at 171, quoting Prosser & Keeton, Law of Torts (5 Ed.1984) 305, Section 42. "'It is only where the misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences to which such intervening acts contributed.'" *Evans* at 740, 680 N.E.2d at 171, quoting Prosser & Keeton at 313.

In this case, appellant contends that appellee should have conducted an investigation into Knox's background and refused to hire him to work inside customers' homes because of his criminal background. In 1990, Knox had pled guilty to an attempt to carry a concealed weapon and had been convicted of

aggravated menacing. In 1990, Knox had also been charged with aggravated burglary and theft, to which a *nolle prosequi* had been entered. In 1992, he was charged with assault and domestic violence, but the charges were dismissed. The trial court found that evidence of such charges was inadmissible and, even if they were admissible, that it would require "inferences upon inferences upon inferences" to find a contested issue of fact for jury resolution as to appellee's liability for wrongful death.

Here, it was not foreseeable that Knox would have Smith killed six months after his employment relationship with appellee ended and four months after the criminal charges were filed. "Foreseeability is based upon whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of the act." *Eagle v. Mathews–Click–Bauman, Inc.* (1995), 104 Ohio App.3d 792, 797, 663 N.E.2d 399, 402, citing *Menifee*, 15 Ohio St.3d at 77, 15 OBR at 180–181, 472 N.E.2d at 710. Even if Knox's convictions and criminal charges are considered, it was not foreseeable that, six months after he was fired from appellee's employment, he would have Smith killed. In this case, the totality of the circumstances is not "somewhat overwhelming," so as to impose liability upon appellee.

In the cases in which the courts have found that a jury question exists concerning the reasonableness of the employer's actions where the injury occurs after the employment ended, the former employee used indicia of authority to gain access to the victim's home, a fact not present in this case. See *Coath*, 277 Pa. Super. 479, 419 A.2d 1249 (former employee represented that he was still employed by the defendant). Most of the cases applying negligent hiring involve a present employee, not a former employee, as involved in this case. See *Smith; Williams; Eagle; Tallahassee Furniture Co. v. Harrison* (Fla.App.1991), 583 So.2d 744, 757; *Svacek v. Shelley* (Alaska 1961), 359 P.2d 127. Thus, there is no genuine issue of material fact, and appellee is entitled to judgment as a matter of law. Appellant's assignment of error is not well taken.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DESHLER and REILLY, JJ, concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.