OPINION
This appeal is directed to a summary judgment entered in favor of defendant-appellee, Airtron Company, and against plaintiff-appellant, Sherry L. Loman, in the Butler County Court of Common Pleas.
On April 18, 1997, an employee of Airtron, Rodney L. Withrow, while driving an Airtron truck and wearing an Airtron shirt, appeared at the residence of Ms. Loman and knocked on her front door. As she looked through a peep hole in the door and proceeded to open it, she noticed that the man was wearing a ski mask and sunglasses, and at about the same time, he pushed open the door, entered the residence, and threatened and assaulted her.
In the trial court, Loman's claim for damages from Airtron as a result of Withrow's assault was based (1) upon the doctrine of respondeat superior and (2) upon the allegation that Airtron negligently hired and retained Withrow.
As to the initial claim of appellant, the following language of the supreme court in Byrd v. Faber (1991), 57 Ohio St.3d 56, also appears to be suited comfortably to the facts of the present case:
 It is well-established that in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, as in the case at bar, the behavior giving rise to the tort must be calculated to facilitate or promote the business for which the servant was employed.
Id. at 58, quoting The Little Miami Railroad Company v. Wetmore (1869),19 Ohio St. 110, and Taylor v. Doctors Hospital (1985), 21 Ohio App.3d 154.
 Here, the malevolent conduct of the employee, Withrow, obviously did nothing to promote or benefit his employer, Airtron, and appellee was not liable, therefore, under the doctrine of respondeat superior. See, also, Vrabel v. Acri (1952), 156 Ohio St. 467; Shulman v. Cleveland
(1972), 30 Ohio St.2d 196.
Hence, Ms. Loman must rely entirely upon her alternative claim that Airtron negligently hired or retained Withrow and was, therefore, liable for her injuries. However, in order to sustain this allegation, appellant was required to establish, at a minimum, that the employer knew, or should have known, of the employee's criminal or tortious propensities. See Kuhn v. Youlten (1997), 118 Ohio App.3d 168. In such cases, the foreseeability of a criminal or tortious act depends upon the knowledge of the employer, which must be determined from the totality of the circumstances. Staten v. Ohio Exterminating Co., Inc. (1997),123 Ohio App.3d 526.
In this regard, and under the circumstances of this case, even appellant's most glaring evidence of Withrow's questionable background and human frailties does not provide a reasonable basis for any factual conclusion that Airtron should have known that Withrow was likely to commit an assault upon Ms. Loman or a physical attack upon anyone else. Moreover, the facts of record indicate that Withrow was engaged in a wholly personal adventure at the time of the assault, and as heretofore indicated, "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business."Byrd v. Faber.
We are not unaware of the severe restrictions imposed upon motions for summary judgment. Crim.R. 56; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. But neither does anything appear from this record to justify any departure from the comprehensive analysis and decision of the common pleas court. The assignment of error is overruled.
POWELL, P.J., and YOUNG, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.