[Cite as *Rossi v. Moore*, 2013-Ohio-1430.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DANA ROSSI, | ) | |
| | ) | CASE NO. 12 MA 58 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| COREY STUART MOORE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeals from Common Pleas Court, Case No. 10 CV 398.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellant:      Attorney Konrad Kircher
Kircher, Arnold & Dame LLC
4824 Socialville-foster Rd.
Suite 110
Mason, OH 45040

For Defendants-Appellees:      Attorney Thomas J. Wilson
Comstock, Springer & Wilson
100 Federal Plaza East, Suite 926
Youngstown, OH 44503-1811
For Humility of Mary Health Partners
and St. Elizabeth Health Center

Attorney Steven Janik
Attorney Audrey K. Bentz
Attorney Colin P. Sammon
9200 South Hills Blvd., Suite 300
Cleveland, OH 44147-3251
For ATC Healthcare Service, Inc.

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 26, 2013

DeGenaro, P.J.

{¶1}  Plaintiff-Appellant, Dana Rossi, appeals the decision of the Mahoning County Court of Common Pleas striking her affidavits filed in opposition of summary judgment and granting summary judgment to Defendants-Appellees, ATC Healthcare Service, Inc. and Humility of Mary Health Partners, St. Elizabeth Health Center.  On appeal, Rossi argues that the trial court erred in striking her affidavits and subsequently granting summary judgment in favor of ATC and St. Elizabeth.

{¶2}  Rossi's arguments are meritless.  We need not reach the issue of whether the trial court abused its discretion in striking the affidavits; even if the affidavits are considered, they do not create a genuine issue of material fact as to preclude summary judgment.  Thus, the trial court properly granted summary judgment in favor of ATC and St. Elizabeth.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3}  On June 14, 2007, Rossi was a patient at St. Elizabeth for treatment related to depression.  While Rossi was restrained to a bed, Corey Stuart Moore allegedly entered her hospital room, injected her with morphine, and sexually assaulted her.  At the time of this alleged assault, Moore was employed by ATC, a nurse staffing agency, which had assigned Moore to work at St. Elizabeth.  Moore passed away on July 14, 2008.

{¶4}  Relevant to this appeal, after having voluntarily dismissing a compliant originally filed in 2008, on October 20, 2010, Rossi filed a second complaint asserting claims of negligent hiring, retention, and supervision against ATC and St. Elizabeth.

{¶5}  On June 17, 2011, ATC filed a motion for summary judgment, arguing that it could not be held liable for negligent hiring or retention of Moore because there was no evidence that it had actual or constructive knowledge that Moore had a propensity to commit sexual assault.  It also argued that it could not be held liable for negligent supervision because Moore was under the supervision and control of St. Elizabeth at the time of the incident.  ATC attached an affidavit from Gina McLaughlin, the executive director and franchise owner of ATC's Youngstown office, which hired and placed Moore at St. Elizabeth.  McLaughlin attested that a criminal background

check and nursing background check did not reveal any history that would suggest that Moore posed a risk of harm to patients. She also averred that prior to the alleged incident with Rossi, ATC was unaware of any information that would suggest Moore posed a risk of harm to patients.

{¶6} On July 1, 2011, St. Elizabeth filed a motion for summary judgment, arguing that Rossi's claims must fail because she could not prove that St. Elizabeth had actual or constructive knowledge of Moore's propensity to commit sexual assault. St. Elizabeth attached the affidavit of Theda Gorgacz, R.N., who was responsible for supervising Moore while he worked at St. Elizabeth. Gorgacz attested that St. Elizabeth confirmed that Moore's nursing license was active and in good standing and that he had no pending criminal charges. She stated that during the six months that Moore worked at St. Elizabeth, she did not recall any issues or patient complaints with respect to his job performance. Further, based on Moore's work performance, there was no reason to know or suspect that he had a propensity for criminal behavior.

{¶7} On September 14, 2011, ATC filed a supplemental memorandum in support of summary judgment, explaining that it anticipated that Rossi would file affidavits from Deborah and Albert Pezzenti attesting that Moore sexually assaulted Deborah and that they reported the incident to the Sharon Police Department, Mercer County District Attorney, and the Ohio Board of Nursing. ATC attached the supplemental affidavit of McLaughlin, in which she attested that on December 13, 2006, as part of the hiring process, she verified with the Ohio Board of Nursing that Moore's license was active and in good standing. She further averred that the Ohio Board of Nursing, Sharon Police Department, and Mercer County District Attorney's Office never contacted anyone at ATC's Youngstown office regarding the Pezzentis' reports against Moore. She also stated that Moore never disclosed Deborah's sexual assault claim to ATC.

{¶8} ATC also attached letters from the Mercer County District Attorney's Office and the solicitor for the City of Sharon, stating that records relating to a criminal investigation are exempt from disclosure under the Pennsylvania Right to Know Law. Additionally, ATC attached an affidavit from Holly Fischer, counsel for the Ohio Board

of Nursing. She attested that Moore was licensed by the Board from May 2003 until his death in July 2008, and the Board did not take any disciplinary action regarding Moore's license. Further, under Ohio law, information received by the Board pursuant to an investigation is confidential and not subject to discovery in any civil action.

{¶9} On September 23, 2011, Rossi, with leave of court, opposed the summary judgment motions filed by ATC and St. Elizabeth, supported by two affidavits. In the first affidavit, Deborah Pezzenti attested that on April 22, 2006, she and her husband attended a party at Moore's house, during which Moore sexually assaulted her. Deborah stated that she and her husband reported this assault to the Sharon Police Department. On January 12, 2007, she was in the emergency room at St. Elizabeth and saw Moore working as a nurse. Deborah averred that she informed a St. Elizabeth staff member that Moore had sexually assaulted her, and the staff member told her that she would inform the head of nursing about this incident.

{¶10} In the second affidavit, Albert Pezzenti, Deborah's husband, attested that after Deborah saw Moore at St. Elizabeth, Albert left a message for the head of nursing at St. Elizabeth stating that Moore "had the potential to rape one of his patients because he did it before." He also stated in the message that he had already filed a police report with the Sharon Police Department. Further, on April 16, 2007, Albert filed a complaint with the Ohio Board of Nursing.

{¶11} On November 22, 2011, St. Elizabeth deposed Deborah. Regarding the information in her affidavit, she agreed that no charges were filed against Moore as a result of her report to the Sharon Police Department, which was made on May 22, 2006, one month after the incident occurred; and elaborated that her husband had met Moore through a website for swingers (people who meet for casual sex) and that the incident occurred while they were attending a swingers party at Moore's home in 2006. Deborah further testified that when she saw Moore at St. Elizabeth on January 12, 2007, she was visibly upset. A nurse asked her what was wrong, and she told the nurse that she was involved in an incident with Moore and she wanted him to stay away from her. She clarified that she remembered saying that she was involved in an incident with Moore, but she did not know if she said "sexual incident" or "rape

incident." The nurse told Deborah that she would make sure that Moore was not near her.

{¶12} Deborah also testified that she was present when Albert called St. Elizabeth and asked to speak to the head of nursing. Deborah guessed that he made this call in March 2007, but she did not have a specific date. Albert left a voicemail stating that there was a nurse working for St. Elizabeth who could be a danger, and Albert left his name and phone number. She did not believe that Albert left Moore's name on the message and she did not recall him saying that a police report had been filed with the Sharon Police Department. She stated that they did not receive a response from anyone at St. Elizabeth.

{¶13} Deborah explained that she felt that St. Elizabeth should know that Moore was capable of "sexual innuendos" and that patients were helpless, but that her feeling was a gut feeling, rather than based on any facts that Moore would harm a patient. If St. Elizabeth had returned the call, she would have told them about the incident at the party, but she did not have any information about Moore's professional conduct.

{¶14} On November 22, 2011, St. Elizabeth also deposed Albert. He confirmed that he was not present when Deborah was a patient at St. Elizabeth on January 12, 2007. When Albert contacted St. Elizabeth, he asked to speak to the head of nursing and he left a voicemail with an unidentified person; identifying himself and leaving his number. He stated on the voicemail that he was calling about Moore and that he had information that the head of nursing should know about and he would discuss it when they returned his call. Albert did not recall stating that one of the hospital employees had the potential to rape patients and he confirmed that he did not receive a call back from St. Elizabeth.

{¶15} On December 16, 2011, ATC filed a motion to strike the affidavits of Albert and Deborah. This motion is listed on the docket sheet; however, the actual motion is missing from the record. On December 21, 2011, St. Elizabeth also filed a motion to strike the affidavits of Albert and Deborah pursuant to Civ.R. 56(E). As grounds, it argued that their depositions directly contradicted their earlier affidavits.

On that same date, St. Elizabeth also filed a supplemental reply in support of summary judgment.

{¶16} On January 5, 2012, Rossi filed a supplemental reply in opposition to the summary judgment motions filed by St. Elizabeth and ATC. She argued that although the deposition testimony was not identical to the information contained in the affidavits, the affidavits raised an issue of fact as to St. Elizabeth and ATC. She noted that there was uncontroverted testimony that Albert "attempted to notify" St. Elizabeth and that he specifically named Moore as the subject in reference to which he was calling.

{¶17} On February 28, 2012, the trial court granted the motions to strike and for summary judgment filed by St. Elizabeth and ATC. The court struck Albert and Deborah's affidavits from the record pursuant to *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus; *Evans v. Sayers*, 4th Dist. No. 04CA2783, 2005-Ohio- 2135; and Civ.R. 56(E), reasoning that their deposition testimony contradicted the statements in their affidavits that they notified St. Elizabeth that Moore had the potential to rape patients

### Trial Court's Grant of Summary Judgment

{¶18} In her sole assignment of error, Rossi argues:

{¶19} "The trial court erred in striking the Affidavits of Deborah and Albert Pezzenti and consequently granting summary judgment."

{¶20} Rossi raises two arguments; first that that the Pezzentis' affidavits create a genuine issue of material fact sufficient to overcome summary judgment, and second that the trial court abused its discretion in striking the Pezzentis' affidavits.

{¶21} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in de novo review. *Parenti v. Goodyear Tire & Rubber Co.*, 66 Ohio App.3d 826, 829, 586 N.E.2d 1121 (9th Dist.1990). Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude no genuine issue as to any

material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000). A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999).

{¶22} When moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

{¶23} "The party seeking to prevail on a claim for the negligent hiring, supervision and retention of an employee by an employer must show: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Douglass v. Salem Community Hosp.,* 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶51 (7th Dist.), quoting *Steppe v. Kmart Stores*, 136 Ohio App.3d 454, 465, 737 N.E.2d 58 (8th Dist.1999).

{¶24} The viability of Rossi's claims is dependent upon demonstrating Moore's alleged sexual assault was foreseeable. *Browning v. Ohio State Hwy. Patrol*, 151 Ohio App.3d 798, 2003-Ohio-1108, 786 N.E.2d 94, ¶63 (10th Dist.). The Ninth District held:

> "The foreseeability of a criminal act depends upon the knowledge of the defendant, which must be determined by the totality of the circumstances, and it is only when the totality of the circumstances are 'somewhat overwhelming' that the defendant will be held liable." *Staten*

*v. Ohio Exterminating Co., Inc.* (1997), 123 Ohio App.3d 526, 530, 704 N.E.2d 621, citing *Evans*, 112 Ohio App.3d at 742, 680 N.E.2d 161. Only where the employer could anticipate the misconduct, and the employer's taking the risk of it was unreasonable, will liability be imposed for any consequences. *Id.*, citing *Evans*, 112 Ohio App.3d at 740, 680 N.E.2d 161.

*Collins v. Flowers*, 9th Dist. No. 04CA008594, 2005-Ohio-3797, ¶ 33.

**{¶25}** First, as to the claim of negligent hiring, the affidavits present evidence that the Pezzentis contacted St. Elizabeth regarding Moore and filed a complaint with the Ohio Board of Nursing after Moore had already began working at St. Elizabeth. And although the affidavits state the Pezzentis filed a police report with the Sharon Police Department, Deborah confirmed in her deposition that no charges were filed against Moore as a result of this police report. Moreover, ATC submitted evidence that the Sharon Police Department and Mercer County District Attorney's Office would not have disclosed any information regarding any investigation of Moore had it received any inquiries. Because the affidavits do not create a genuine issue of material fact regarding the *Douglass* constructive or actual knowledge element, the trial court properly granted summary judgment to St. Elizabeth and ATC on the negligent hiring claim.

**{¶26}** We turn next to negligent retention and supervision claims. As to St. Elizabeth, construing the evidence most strongly in Rossi's favor, the affidavits raise a factual issue regarding whether St. Elizabeth had knowledge of the allegations that Moore committed a prior sexual assault. However, as to ATC, the Pezzentis' affidavits only allege that they contacted St. Elizabeth regarding Moore. There is no evidence that the Pezzentis or St. Elizabeth told ATC about this information. Moreover, St. Elizabeth's knowledge would not be imputed to ATC because the Nursing Services Agreement between ATC and St. Elizabeth provides that: "It is expressly acknowledged by the Parties that Contractor is an 'independent contractor' with respect to the Facility and nothing in this Agreement is intended or shall be construed

to create any employer/employee relationship between the parties and/or agents and staff of the parties." Thus, the trial court properly granted summary judgment on these claims against ATC, as there was no evidence, let alone a genuine issue of fact, to meet the *Douglass* actual or constructive knowledge element.

{¶27} Even if St. Elizabeth had actual or constructive knowledge of the Pezzentis' allegations, these allegations do not establish that Moore's sexual assault of a patient was foreseeable. In a negligent hiring case, the Twelfth District found that an employee's prior charges of assault and domestic violence did not make the employee's later assault of a co-worker foreseeable because the assault charge was dismissed and the domestic violence charge was pled as disorderly conduct, a misdemeanor. *Rozzi v. Star Personnel Sers., Inc.*, 12th Dist. No. CA2006-07-162, 2007-Ohio-2555, ¶12. *See also Prewitt v. Alexson Servs., Inc.*, 12th Dist. No. 2007-09-218, 2008-Ohio-4306, ¶33 (allegation that employee had assaulted a mentally disabled resident did not establish forseeability of employee's later sexual assault of a co-worker in part because the police and Butler County MRDD had determined the allegation was unfounded).

{¶28} Here, the evidentiary bar is even lower than in *Rozzi* and *Prewitt*. The record reveals that no charges were filed as a result of the Pezzentis' report to the Sharon Police Department and the Ohio Board of Nursing did not take any disciplinary action as a result of the Pezzentis' report. Moreover, ATC submitted evidence that the Ohio Nursing Board and the Sharon Police Department would not have been able to disclose any information regarding their investigations. Viewing all the evidence in Rossi's favor, it does not rise to the evidentiary level contemplated in *Collins* that the "totality of the circumstances are 'somewhat overwhelming' that the defendant will be held liable." *Id.* at ¶33. Because Rossi has not sufficiently demonstrated that Moore's conduct was foreseeable, the trial court properly granted St. Elizabeth summary judgment for this reason on the negligent retention and supervision claims. This lack of foreseeability likewise supports summary judgment on these claims in favor of ATC.

**{¶29}** Given that we have concluded the Pezzentis' affidavits do not create a genuine issue of fact, we need not reach the issue of whether the trial court abused its discretion in striking the affidavits. Even if the trial court did err, this error was harmless; the affidavits do not preclude summary judgment as they failed to establish a genuine issue of material fact.

**{¶30}** In conclusion, Rossi's assignment of error is meritless. Even if the contents of the stricken affidavits had been considered by the trial court, they do not create a genuine issue of material fact as to preclude summary judgment. Specifically, the claims of negligent hiring, retention and supervision fail against ATC because of a lack of evidence of the *Douglass* constructive or actual knowledge element. The absence of that element supports summary judgment in favor of St. Elizabeth as well. Further, even if Rossi had created a genuine issue regarding the knowledge element in her negligent retention and supervision claims against St. Elizabeth, the failure to create a genuine issue regarding the foreseeability of Moore's actions as contemplated by *Collins* supports summary judgment in favor of St. Elizabeth, as well as ATC on those claims. Accordingly, the trial court properly granted summary judgment in favor of ATC and St. Elizabeth, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.